IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 24 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

4:20-cv-01393-LPR-JTK

ANGELA TERRY                                          PLAINTIFF

Vs

GARDA CL SOUTHEAST, INC                               DEFENDANT

This case assigned to District Judge __Rudofsky__
and to Magistrate Judge __Kearney__

Plaintiff, Angela Terry, brings this complaint against defendant, Garda CL Southeast, INC a foreign for profit corporation for violation of my civil rights, Act of 1964 42 u.s.c. 1983, unlawful retaliation..

1. Defendant Garda CL Southeast, INC is a foreign for Profit Corporation that operates and conducts business in Little Rock, Arkansas with the headquarters located in Boca Raton, Florida and is therefore within the jurisdiction of this court.

2. This court has jurisdiction over plaintiff's claim pursuit to 28 USC 1331 – Venue is proper under 28 USC 1391. These claims arise under the law of the United States.

3. The Venue of this court is proper based upon the claims arising in Little Rock, Arkansas.

4. Plaintiff filed a charge of discrimination with the EEOC incorporated herein, attached hereto and marked as Ex. A. The EEOC issued a notice of a right to sue attached hereto and marked as Ex B. Plaintiff brings this suit within 90 days of receipt of my notice of a right to sue.

## FACTUAL ALLEGATIONS

5. On July 16, 2018 I began my employment with Garda CL Southeast as a driver/messenger. On August 27, 2019 I sustained a work related injury to my right knee. I was then transported to Concentra medical by my branch manager. While in route to Concentra my knee was in a lot of pain from falling out of my work truck. I told my manager, Julian that I would need to be off a few days or so due to my injury, I was told, "No" He stated that he needed me at work.

6. After being treated at Concentra and given an x-ray my manager drove me back to my personal vehicle at Garda. Once we arrived I asked my manager, a 2nd time, if I could be off due to my knee swelling and being in severe pain, Again, I was told, "No" My manager stated that I could not take off but would create a job for me in the office working as a secretary.

7. I was forced to work while in a lot of pain, barely able to put any weight on my knee; while wearing a knee brace and crutches. I had to work every day up until my surgery November 11, 2019.

8. I was ordered by Dr. John at Concentra medical to begin physical therapy on August 28, 2019 – twice a week. After over a month of therapy I continued to complain to the Doctor and therapist of constant pain and increased swelling.

9. Dr. John ordered a MRI for my knee on September 24, 2019, the MRI took place October 14, 2019. The results of the MRI was that my ACL (Anterior Cruciate Ligament) was completely torn and would need surgery to fix it.

10. My ACL had been torn since August 27, 2019 the day I fell out of my work truck – Concentra only x-rayed my knee on August 27, 2019 therefore they didn't know that I'd suffered a severe injury until getting the MRI results on Oct 15, 2019. After my doctor's visit I went back to Garda and I gave a copy of my MRI results to my manager once he viewed the results of my MRI and he jokingly said, "The NBA/NFL players get those types of injuries all the time and it's not a big deal or injury."

11. On Oct 22nd, 2019 I met with a knee surgeon, Eric Gordon to discuss surgery for my knee which was set for November 11th, 2019. I informed my branch manager that I would be having surgery. I also addressed to him that my doctor is looking to allow me to come back on light duty <u>3 or 4 weeks post-surgery</u> Julian, my manager stated he'd allow me to come back on light desk duty; with proper documentation from my doctor, because he needed me back at work ASAP.

12. While on medical leave I was informed by co-workers that Julian the branch manager was fired on November 20, 2019. I contacted my supervisor, Mike Newby since he was aware that I'd been working in the office since August 28, 2019- November 8, 2019. I reached out to him to discuss the next person to contact with my concerns. He provided me with contact info for the HR Rep, Raymond Cuevas. My supervisor warned me about HR, especially Raymond and advised me to keep all documentation and a paper trail of all communication correspondence. In addition, I have proof of Mike advising me to do so.

13. I contacted Raymond, acknowledged myself and the reason why I was contacting him. This was all in reference to me returning to work once the Dr. gave me necessary documentation. He began telling me Garda would rather you be 100% before returning. I stated to him, Julian had me working in the office since my

injury up until I had surgery and that I could return with a doctor's note. I informed Raymond that I had a follow up appt. on November 26, 2019 – He didn't seem to want to be bothered, but he told me once I get the doctor's note to send him a copy and that he would see if he could use me. (his tone was not pleasant)

14. After my follow up appointment I sent the Doctor's note to Raymond, as he requested, and I was not given a return date, so I began asking for the phone number to Adam Swartz, who was Julian direct supervisor. After speaking with Adam by phone he stated to me the doctor's note that I sent to HR was not good enough because it didn't list any restriction. Dr Gordon gave me permission to return back to light duty December 10, 2019.

15. Adam told me that I could return back to light duty just as long as I can provide a doctor's statement with detailed restrictions. In addition, I have a voice recording as proof of Adam stating specifically he wanted me back in the office.

16. On January 29, 2020 at my next follow up appt the doctor gave me a detailed description of my restrictions. I sent a copy of the doctor's note to Adam. He acknowledged receipt of the doctor's note through text messages. I then texted regarding which day I could return, he began, in opinion purposely ignoring all communications. I called him on January 30, 2020 – I left a voice mail, but to no avail. I reached out again in early February and still to no avail. After making every attempt to return back to light duty I remained off for the remaining of the time under doctor's care. I was released from under doctor's care May 20, 2020 with light duty restrictions. I called Adam Suartz and surprisingly he answered the phone. I asked him if I could return to work and he said he would need to see a doctor's note and that he would get back to me, but he never did. Refer Ex C.

17. I decided to file a complaint against Julian, Raymond, and Adam due to their lack of professionalism and how they treated me.  The fact they both Adam and Raymond refused to provide me with a return date even with a doctor's note as requested by them was unacceptable.

18. On June 4th 2020 I filed an official complaint against my supervisors to upper management/HR.  The complaint was sent via email, to Brett Kaplan, Prentice Robertson, Isabella Panelli, Rolando Hernandez, and Bcc Raymond Cuevas – shortly after, I was contacted by a HR rep by the name of Dave Timms he stated he was reaching out on behalf of Rolando Hernandez and that he would be investigating my complaint. In my official complaint I'd made mention that I recorded Raymond Cuevas being rude to me by phone and I also mentioned I recorded Adam Suartz and he stated in the audio I could return to work with a doctor's note with my restrictions listed.

19. When the official complaint was sent I was only able attach one voice audio which was the conversation between me and Adam. I'd attempted to send the voice audio conversation of me and Raymond Cuevas but the file was too large – On

two different days Dave Timms asked me for the voice audio of the conversation between me and Raymond. He also asked me for the recording via email on June 18, 2020 He stated that he needed the recording in order to move forward with his investigation into my complaint.

20. On June 16, 2020 I emailed Dave Timms to get an update on when I'll be able to return to work since no one from Garda had contacted me and so much time had passed – Dave did not immediately respond so I called Brett Kaplan in which I was told and under the impression that she was HR. I spoke to Brett by phone on June 17th 2020 – at the very start of the conversation she stated she did not want to be recorded – She automatically assumed that I was recording her due to me mentioning in my official complaint that I'd recorded Raymond Cuevas and Adam Suarez.

21. Brett Kaplan used my complaint against me. I was not recording her because I only wanted to inquire about if she knew which day Garda would allow me back to work. I began recording Brett about 8 minutes into the phone call because she was consistently being rude and very disrespectful to me. She did not hold back expressing her disdain of me recording Adam and Raymond. She stated to me she has a back ground in law and if I record her it would be illegal. I faced severe back lash from Brett Kaplan, including but not limited, to verbal abuse, disrespect, doing all she could to intimidate me to the fullest. I was called untruthful by her in regards to my complaint. She also stated that I didn't have enough to substantiate my claims against my supervisors. It was no longer about my complaint, HR were angry and disgruntle at me for mentioning in my complaint that I'd recorded my supervisors. I only recorded them because my supervisor Mike advised me on November 21, and again on November 26 - to keep a paper trail of all documentations of my communication with HR. I was treated like I was doing something sneaky, illegal, unethical, and underhanded. I went to HR for help, as I'm supposed to, if there's a problem or if I feel I've been violated against.

22. <u>I also asked Brett, on June 17, 2020, when could I return to my desk job at Garda and I was told by her that they can't accommodate my restrictions in which was told to me after I filed a complaint.</u>

23. On June 18, 2020 Dave Timms emailed me asking for the other voice recording between me and Raymond in order to complete his investigation. I informed him of how I was spoken to by Brett on June 17, 2020. I told him that I would not be submitting anything further. I began to feel as if both Brett and Dave were collaborating against me. Brett stated that she did not believe me and called me untruthful (another word for liar) On the following day Dave emailed me asking for the voice recording in order to complete his investigation involving official complaint – when I refused to send the other voice audio to him, a few weeks later on July 3rd he emailed me to advise me the he'd completed the investigation into my complaint and he began saying to me it is <u>illegal and against company</u>

24. <u>policies</u> to record telephone conversations without prior approval consent and to refrain from such conduct immediately.

24. After filing my complaint with HR and facing backlash. I informed Dave Timms June 18th by phone that the EEOC will be contacted due to unfair/discrimination acts against me. I filed a charge against Garda in August of 2020. Soon after the time had come for me to settle my work comp claim Garda wanted me to resign from my position in order to settle work comp claim. I settled my work comp claim September 1st of 2020 and I received my right to sue letter from EEOC on September 3rd, 2020.

25. I had no plans on quitting Garda but it is my belief that since I'd filed a complaint against my superiors, recorded them, and contacted the EEOC -Garda wanted me to resign. I only agreed to resign during my work comp settlement because I realized Garda no longer wanted me a part of their corporation by initiating my resignation. In my opinion and after the treatment I received. <u>I felt that I would have been mistreated and subjected to a hostile work environment if they'd allowed me to return back to work.</u>

26. I am a law abiding citizen and according to Arkansas law code 5-60-120 those individuals were legally recorded since I was a party to the conversation. <u>There's also nothing in the Garda handbook that prohibits an employee from recording a phone conversation, for quality assurance, nor does it mention it being against company policy.</u> I have emails, text messages, phone call log and voice audio recordings to prove all claims being brought against Garda CL Southeast, INC- A copy of the handbook can be provided, if needed.

## Violation of Title Vll

27. Based on the conduct described in this complaint, the defendant is liable for temporary total disability discrimination that'll I've endured since August 27th, 2019.

28. The defendant's conduct has harmed and caused damage to Plaintiff.

## Demand for Jury Trial

29. Plaintiff demands a jury trial on all issues so triable against defendant.

## Relief Requested

Plaintiff respectfully requests:

1. That the court declare the defendant violet the aforementioned caused of action.
2. A Jury trial and entry of Judgement in Plaintiff favor.
3. Compensatory damages
4. Court fees
5. Extreme emotional distress has caused a lack of sleep, anxiety, and distance from friends, and family, loss of enjoyment in life, reliving how I was treated.
6. Violation of civil rights for discrimination of my temporary total disability due to an at work injury
7. Retaliation – For filing a work comp claim and recording my superiors
8. Punitive damages
9. Apology letter from Garda CL Southeast
10. Plaintiff ask for in excess of $300,000 in compensatory damages, and punitive damages or such amount awarded by a jury for the remaining claims for retaliation, emotional distress, for the aforementioned harm to plaintiff – I'm asking the court to award whatever amount that's reasonable for the remaining claims.
11. Seeking constructive discharge in the amount of $40,000

Dated this 23rd day of November, 2020
Respectfully Submitted

Angela Terry
P.O. Box 193233
LR, AR 72219
501.349.5638

*Angela Terry* (signature)

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

District of

Division

Angela I. Terry

Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Garda CL Southeast, INC

Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☑ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Angela Terry
   Street Address: P.o box 193233
   City and County: Little Rock
   State and Zip Code: Arkansas 72219
   Telephone Number: 501-349-5638
   E-mail Address: Jamaica_12002@yahoo.com
   Legendary AT1985@gmail.com

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 5

Defendant No. 1

Name  CT (The corporation company) Registered agent for Garda CL southeast, INC

Job or Title (if known)

Street Address  124 W Capitol Ave Ste 1900

City and County  Little Rock - Pulaski

State and Zip Code  Arkansas 72201

Telephone Number  561-939-7000

E-mail Address (if known)

Defendant No. 2

Name

Job or Title (if known)

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address (if known)

Defendant No. 3

Name

Job or Title (if known)

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address (if known)

Defendant No. 4

Name

Job or Title (if known)

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address (if known)

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question  ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. Violation of Civil rights & Retaliation

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

   and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

      b.    If the defendant is a corporation

The defendant, *(name)* **Garda CL Southeast**, is incorporated under the laws of the State of *(name)* **Arkansas**, and has its principal place of business in the State of *(name)* **Arkansas**.
Or is incorporated under the laws of *(foreign nation)* **Garda world**, and has its principal place of business in *(name)* **Florida**.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

**$300,000 - please refer to "Relief Requested Sheet" which is attached to complaint for more details**

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**Refer to complaint and relief request sheet that's attached to my complaint**

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

**Refer to complaint "Relief Requested" has been listed on a seperate sheet**

### V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

#### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11-23-20

Signature of Plaintiff: *Angela Terry*
Printed Name of Plaintiff: Angela Terry

#### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>493-2020-01547 |
|---|---|---|

null and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| MS. ANGELA TERRY | (501) 349-5638 | 1985 |

Street Address: P.O. BOX 193233, LITTLE ROCK, AR 72219

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| GARDAWORLD CASH SERVICES | 15 - 100 | |

Street Address: 711 WEST DAISY BATES DRIVE, LITTLE ROCK, AR 72202

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☒ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-20-2020  Latest: 08-25-2020

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I was hired in the position of Driver/Messenger by the above-named employer on or about July 16, 2018. On or about August 27, 2019 I was sustained an on-the-job injury. I was given light-duty prior to my surgery to address my injury. After the surgery I have been and continue to be denied a return to work despite my physician's statement indicating I was able to perform light-duty and an eventual full release to return to work. I am aware that I have been denied the opportunity to return to work since my employer became aware of me recording all meetings regarding my ability to return to work.
I believe I have been treated differently in the terms of my employment with respect to denying me a return to work because of my work-related injury and subsequent surgery, and in retaliation because I recorded meetings with management regarding my status.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Digitally signed by Angela Terry on 08-25-2020 06:23 PM EDT**

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)

Exhibit A

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Angela Terry**
P.O. Box 193233
Little Rock, AR 72219

From: **Little Rock Area Office**
820 Louisiana
Suite 200
Little Rock, AR 72201

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2020-01547 | **Tyrone Y. Blanks,** Investigator | (501) 324-5083 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_(signature)_                                                9-03-2020

Enclosures(s)                    **William A. Cash, Jr.,**         *(Date Mailed)*
                                 **Area Office Director**

cc: **Rolando Hernandez**
**Human Resource Manager**
**GARDAWORLD CASH SERVICES**
**711 West Daisy Bates Drive**
**Little Rock, AR 72202**

Exhibit B

**RAINWATER HOLT & SEXTON**
INJURY LAWYERS

Mailing Address:
P.O. Box 17250, Little Rock, AR 72222
Phone: 800-434-4800  Fax: 501-868-2505
CallRainwater.com

November 9, 2020

Ms. Angela I. Terry
P.O. Box 193233
Little Rock, AR  72219

RE:     Incident Occurring on 8/27/2019

Dear Ms. Terry:

I am writing in response to your request for a list of the times you contacted our office regarding returning to work for GardaWorld.  Our file reflects the following:

December 2, 2019 - You informed your case manager, Angela Gattin, that you were ready to return to work but your employer required more specific restrictions from Ortho Arkansas.  The adjuster from Broadspire, Anna Bryant, was made aware of this.

January 30, 2020 - You informed Ms. Gattin that you had been texting and calling your manager, Adam, regarding returning to work but he was not responding.

February 3, 2020 - You left a voicemail for Ms. Gattin stating that your employer is still not responding regarding returning you to work.

February 17, 2020 - You informed Ms. Gattin that your employer had not responded to your request to return to work.

May 20, 2020 - You informed Ms. Gattin that you had reached out to your employer and were told that your employer needed to see your list of restrictions from the doctor's report (presumably the FCE report) and then your employer would get back with you.

June 11, 2020 - You called and asked if your employer would bring you back to work.

June 17, 2020 - You informed Ms. Gattin that you had spoken to the adjuster about returning to work.  At the time you spoke to the adjuster, you believed that you were speaking with someone in GardaWorld's human resources department.

I hope that this letter provides you with the information that you need.  I wish you the very best.

Sincerely,

*WBJames*

Whitney James
Attorney at Law

3000.2420
ND #201

Little Rock | Conway | Hot Springs | Fayetteville | Bryant | Memphis

Exhibit C