IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ANGELA TERRY**                                                                                   **PLAINTIFF**

v.                                       Case No. 4:20-cv-01393-LPR

**GARDA CL SOUTHEAST INC.**                                                        **DEFENDANT**

**ORDER**

On November 24, 2020, Plaintiff Angela Terry brought this *pro se* employment-discrimination action against her former employer under Title VII of the Civil Rights Act of 1964.[1] Pending is Defendant's Motion to Dismiss.[2]  Ms. Terry has responded,[3] and the motion is now ripe for review.  For the reasons stated below, the Motion is GRANTED.

In her Complaint,[4] Ms. Terry alleges that she suffered workplace discrimination and retaliation resulting in a hostile work environment following a workplace injury.  Ms. Terry filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 25, 2020.[5]  In it, she alleged that, after an August 27, 2019 workplace injury and subsequent surgery and convalescence, she was denied the right to return to work.[6]  Ms. Terry suggests that the denial was a retaliatory action for her having recorded meetings with management without its consent.[7]  On September 1, 2020, Ms. Terry settled a worker's compensation claim and in so doing

---

[1] 42 U.S.C. §§ 2000e *et seq.*

[2] Defendant's Motion to Dismiss, Doc. 12.

[3] Plaintiff's Response to Motion to Dismiss, Doc. 18.

[4] Complaint, Doc. 2.

[5] *Id.* at 12.

[6] *Id.*

[7] *Id.*

admits that she resigned her position.[8]  Ms. Terry says that she only resigned because she feared that she would be mistreated and subject to a hostile work environment if she returned to work.[9]  Ms. Terry now claims Garda discriminated against her because of her "temporary total disability."[10]

Garda moves to dismiss the Complaint, arguing that Ms. Terry fails to state a claim as a matter of law.[11]  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12]  In a discrimination case, *prima facie* facts need not be pleaded; rather, the plaintiff is required only to give the defendant fair notice of the claims and supporting grounds.[13]  A motion to dismiss for failure to state a claim nevertheless prevails when, after reviewing the complaint most favorably to the non-moving party, a court determines that the pleaded facts lend no plausible support for the claims.[14]

Ms. Terry does not indicate in her EEOC charging document or in her Complaint membership in any Title VII protected class.[15]  Nowhere does she assert that she was treated differently because of, for example, her sex or race.  Rather, Ms. Terry contends that her temporary disability warrants Title VII protections.  She is wrong.  Ms. Terry's temporary disability during a

---

[8] *Id*. at 5.

[9] *Id*.

[10] *Id.* at 5-6.

[11] Doc. 13 at 4.

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[13] *Cook v. George's Inc.*, 952 F.3d 935, 938-939 (8th Cir. 2020).

[14] *Wilson v. Arkansas Dept. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017); FED. R. CIV. P. 12(b)(6).

[15] Doc. 2.

postoperative healing period does not equate to a protected class under Title VII. If anything, Ms. Terry would need to bring a claim under the American with Disabilities Act. She didn't.[16]

Because Ms. Terry has no likelihood of success on her Title VII claim, Defendant's Motion (Doc. 12) is granted. This case is dismissed without prejudice for failure to state a claim. The Court certifies that an *in forma pauperis* appeal would not be taken in good faith.[17]

IT IS SO ORDERED this 14th day of April, 2021.

                                                        LEE P. RUDOFSKY
                                                        UNITED STATES DISTRICT JUDGE

---

[16] Even if Ms. Terry had raised an ADA claim, "impairments while recovering from surgery are not evidence of a permanent disability" under the ADA. *Gutridge v. Clure*, 153 F.3d 898, 901-02 (8th Cir. 1998); *Heintzelman v. Runyon*, 120 F.3d 143, 145 (8th Cir. 1997). To the extent Plaintiff claims retaliation, she does not suggest the retaliation was related to a report of anything illegal under Title VII.

[17] 28 U.S.C. § 1915(a)(3).